# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH CHARLES CHENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-484-JHP-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Joseph Charles Cheney (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 28, 1979 and was 33 years old at the time of the ALJ's decision. Claimant obtained he GED. Claimant has worked in the past as a security alarm installer, heating and air installer, pest control technician, and propane distributor.

Claimant alleges an inability to work beginning July 1, 2008 due to limitations resulting from pancreatitis.

## Procedural History

On September 2, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Ralph Wampler ("ALJ") on July 6, 2012 by video with the ALJ presiding in Oklahoma City, Oklahoma and Claimant appearing in Ardmore, Oklahoma. The ALJ issued an unfavorable decision on August 29, 2012. On August 26, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform less than a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to obtain vocational testimony such that the ALJ's finding Claimant could hold a job for a substantial length of time is not supported by substantial evidence; and (2) the evidence rejected by the Appeals Council was not included in the record which did not permit proper *de novo* review on appeal.

**Substantial Evidence at Step Five**

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic pancreatitis with severe abdominal pain, hypertension, and alcohol abuse. (Tr. 16). He concluded that Claimant retained the RFC to perform less than a full range of light work. (Tr. 17). After consultation with a vocational expert, the ALJ determined that jobs exist in significant numbers in the national economy that Claimant could perform, without specifying those jobs, based on conclusive reliance upon the Medical-Vocational Guidelines. (Tr. 22). Based upon these findings, the ALJ concluded Claimant was not disabled from July 1, 2008 through the date of the decision. Id.

Claimant contends the ALJ's finding that the evidence demonstrates he could not maintain employment for any period of time due to the time he has spent too ill to work or hospitalized. Since the ALJ failed to obtain vocational testimony to specifically

5

testify to the contrary, the ALJ's decision that Claimant could sustain work is not supported by substantial evidence. On May 13, 2008, Claimant was admitted to the emergency room with abdominal pain, nausea, and vomiting. Claimant suffered from an acutely inflamed gallbladder and underwent gallbladder removal surgery. (Tr. 249-55).

On September 6, 2009, Claimant reported increasingly severe and intense abdominal pain. A CT scan revealed acute inflammation of the pancreas. (Tr. 238-40, 455-57). Claimant was hospitalized for two days. (Tr. 236-37, 453-54).

On October 26, 2009, Claimant developed low calcium and magnesium and elevated liver enzymes. (Tr. 233-35, 450-52). Testing revealed a fatty liver, pancreatitis, and a cyst on the pancreas. (Tr. 273, 465).

On November 26, 2009, Claimant returned to the hospital with severe and constant pain, nausea, and vomiting. (Tr. 222-24, 439-41). Claimant was diagnosed with acute, recurrent alcohol-induced pancreatitis with a penetrating ulcer. (Tr. 230-32, 442-44). Claimant was hospitalized for two days. (Tr. 228-29). An MRI showed Claimant's pancreas was enlarged with pseudocysts in the pancreas. (Tr. 463). Claimant was instructed not to drink alcohol and was released. (Tr. 228-29).

On January 14, 2010, Claimant was hospitalized with acute pancreatitis for three days. Claimant was diagnosed with acute pancreatitis with dehydration and chronic pancreatitis with pseudocyst. He was prescribed medication. (Tr. 434-38).

On April 24, 2010, Claimant was hospitalized for four days with acute pancreatitis. (Tr. 329-30, 332-35). Claimant was placed on medication and told not to drink alcohol. (Tr. 328-30).

On May 27, 2010, Claimant sought treatment for abdominal pain. Claimant had an inflamed pancreas with increased echotexture throughout his liver which indicated fatty replacement. (Tr. 349).

On August 23, 2010, Claimant was admitted to the hospital with acute pancreatitis. His abdomen was tender to palpation especially in the epigastric area. A CT scan revealed severe pancreatitis with multiple small pseudocysts. His liver enzymes were elevated but later came down during his hospitalization. The doctor informed him that his condition was potentially deadly but Claimant told him he had to be released to make some money. (Tr. 358-60).

On September 6, 2010, Claimant was again admitted to the hospital with abdominal pain and nausea. He stayed four days during which he was confused and pulled out his IV. He was referred for alcohol rehabilitation. (Tr. 370, 376-77).

On September 25, 2010, Claimant was again admitted to the

hospital for pancreatitis. His stay lasted six days and he was discharged with instructions to return if the condition worsened. (Tr. 390-404).

On October 10, 2010, Claimant returned to the hospital with abdominal pain radiating to the back. The diagnosis continued with acute pancreatitis. (Tr. 611-53).

Similar bouts with pancreatitis resulted in hospitalizations in November of 2010 (3 days), December of 2010 (2 days), January of 2011 (2 days), February of 2011 (16 days), May of 2011 (2 days), June of 2011 (6 days), July of 2011 (1 day), August of 2011 (3 days), September of 2011 (3 days), January of 2012 (8 days), March of 2012 (6 days), May of 2012 (7 days), June of 2012 (9 days), and July of 2012 (12 days).

Defendant bears the burden at step five to show Claimant retained the RFC to perform the demands of a significant number of alternative jobs. Thompson v. Sullivan, 987 F.2d 1482, 1490-92 (10th Cir. 1993). This burden requires a showing that Claimant is able to engage in substantial gainful activity which requires more than a simple determination that Claimant can find employment and that he can perform jobs but also that Claimant can hold whatever job he finds for a significant period of time. Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ found the

8

Claimant's pancreatitis "although limiting" does not support a conclusion that Claimant is unable to engage in all work activity. (Tr. 20). As noted in Claimant's briefing, between September of 2009 and July of 2012, Claimant was hospitalized for inpatient care for 103 days. The notations on the treatment records indicate Claimant was debilitated by severe abdominal pain for many days both prior to and following hospitalizations. Such non-exertional impairments as severe pain can preclude the use of the Medical-Vocational Guidelines in lieu of obtaining vocational expert testimony. The use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Furthermore, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids." Channel v. Heckler, 747 F.2d 577 at 582 n.6 (10th Cir. 1984). The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. Id. It is clear that the limitation upon Claimant's ability to continuously and regularly work would preclude the use of the grids

9

in this case. On remand, the ALJ shall obtain the necessary vocational testimony and consider the severity of Claimant's pancreatitis and attendant pain in reassessing his findings at step five.

**Appeals Council Records**

Claimant also contends this Court cannot perform a meaningful *de novo* review of the ALJ's decision since all of the additional evidence provided to the Appeals Council, including that which was rejected, was not included in the record on appeal. Defendant contends the evidence was properly omitted since the Appeals Council found the records pertained to a time outside of the relevant period. Evidence that is new, material, and chronologically relevant may be submitted to the Appeals Council. Without the evidence in the record, this Court cannot review the Appeals Council's determination. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). This evidence should be included in the record in any further review in the future.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE